IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM HICE                                                                                    PLAINTIFF

v.                                  CIVIL NO. 16-5004

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, William Dale Hice, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g)

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 26, 2013, alleging an inability to work since January 15, 2009,[2] due to lower back pain, breathing problems, arthritis and a big knot on the right foot, arthritis throughout the body, and numbness in the right hand and cheek. (Doc. 10, pp. 43, 157, 164). For DIB purposes, Plaintiff maintained insured status through December 31, 2011. (Doc. 10, p. 171). An administrative

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to January 27, 2011. (Doc. 10, pp. 15, 180).

1

video hearing was held on May 15, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 28-42).

By written decision dated August 28, 2014, the ALJ found that during the relevant time periods, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 10, pp. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease in his lumbar spine, arthralgias, and foot pain secondary to an old gunshot wound. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. §§ 404. 1567(b) and 416.967(b). (Doc. 10, p. 19). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Doc. 10, pp. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 3, 2015. (Doc. 10, pp. 5-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§404.1520, 416.920.

### III.  Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred by failing to find Plaintiff's restrictive airway disease and paresthesia in his right hand severe impairments; 2) the ALJ's RFC assessment for a full range of light work is not supported by substantial evidence; 3) the ALJ's finding that Plaintiff has no non-exertional impairments is not supported by substantial evidence; and 4) the ALJ failed to elicit vocational expert testimony regarding the effect of Plaintiff's non-exertional limitations.

#### A.  Insured Status and Relevant Time Periods:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2011. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether

Plaintiff was disabled during the relevant time period of January 27, 2011, his amended alleged onset date of disability, through December 31, 2011, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from April 26, 2013, the date Plaintiff protectively applied for SSI benefits, through August 28, 2014, the date of the ALJ's decision.

### B. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing

he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments during the time periods in question, the ALJ stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

With respect to Plaintiff's alleged respiratory impairments the record revealed that in July of 2013, Plaintiff underwent pulmonary function testing that revealed "essentially normal large airway function with mild air flow obstruction in the smaller airways." (Doc. 10, p. 303). In May of 2014, Dr. Adam Sprankell noted Plaintiff's lungs were clear to auscultation bilaterally, and Plaintiff had no wheezes, rhonchi, or rales. (Doc. 10, p. 310). The record further revealed that Plaintiff continued to smoke up to one package of cigarettes a day despite his respiratory complaints.

As for Plaintiff's alleged right hand numbness, the record failed to establish that Plaintiff sought treatment for paresthesia in his right hand; however, Plaintiff did report to Dr. Michael Westbrook at the consultative general physical examination that he experienced right

hand numbness. While Dr. Westbrook noted Plaintiff had some difficulty holding a pen with his right hand, Plaintiff was able to hold a pen and write, had full range of motion in his hand and wrist joints and exhibited no neurological deficits. (Doc. 10, pp. 282-287). Plaintiff was also able to touch his fingertips to his palm, oppose thumb to fingers and pick up a coin. Dr. Westbrook noted Plaintiff had an eighty percent grip strength bilaterally, but opined Plaintiff only had mild limitations in functioning. After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time periods.

### C. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the time periods in question Plaintiff was able to take care of his

personal needs, to help with some household chores, to drive, to prepare simple meals, to spend time with family and friends, to play dominoes and cards, and to read and watch television.

With respect to Plaintiff's alleged impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the relevant time periods.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from

8

symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In finding Plaintiff able to perform a full range of light work, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on his activities that would preclude performing the RFC determined during the relevant time periods. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time periods in question.

### E.     Use of the Medical Vocational Guidelines (Grids):

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to

the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of light work, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for light work, Plaintiff was not disabled.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of June 2017.

/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE